Citation Nr: 1214066 
Decision Date: 04/17/12 Archive Date: 04/27/12

DOCKET NO. 09-21 343 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in St. Petersburg, Florida


THE ISSUE

Entitlement to service connection for an astigmatism and myopia, claimed as a bilateral eye condition.


REPRESENTATION

Appellant represented by: Florida Department of Veterans Affairs


ATTORNEY FOR THE BOARD

A. Spector, Associate Counsel


INTRODUCTION

The Veteran had active service from September 2001 until August 2007.

This matter comes before the Board of Veterans' Appeals (BVA or Board) on appeal from a February 2008 rating decision from the Department of Veterans Affairs (VA) Regional Office (RO) in St. Petersburg, Florida. 

In December 2010, the Board remanded the issue on appeal for further examination. Regrettably, as outlined below, an additional remand is necessary before appellate review may proceed on this matter.

The appeal is REMANDED to the RO via the Appeals Management Center (AMC), in Washington, DC. VA will notify the appellant if further action is required.


REMAND

Unfortunately, another remand is required in this case. Although the Board sincerely regrets the additional delay, it is necessary to ensure that there is a complete record upon which to decide the Veteran's claim so that he is afforded every possible consideration.

In accordance with the December 2010 Remand, a January 2011 VA examination addendum was obtained. The examiner opined that myopia and astigmatism are likely congenital. However, the examiner failed to distinguish if the Veteran's eye conditions were congenital diseases or defects, which is necessary in order to apply the relevant law to determine service connection. 

Congenital or developmental defects are not "diseases or injuries" within the meaning of applicable statutes and regulations. 38 C.F.R. § 3.303(c). Nonetheless, where during service a congenital or developmental defect is subject to a superimposed injury or disease, service connection may be warranted based on aggravation. VAOPGCPREC 82-90 (July 18, 1990), published at 56 Fed. Reg. 45,711 (1990) (a reissue of General Counsel opinion 01- 85 (March 5, 1985). The VA General Counsel's opinion notes that there is a distinction under the law between a congenital or developmental "disease" and a congenital "defect" for service connection purposes in that congenital diseases may be recognized as service connected if the evidence as a whole shows aggravation in service within the meaning of VA regulations. A congenital or developmental "defect," on the other hand, because of 38 C.F.R. § 3.303(c), may not be service-connected although service connection may be granted for additional disability due to disease or injury superimposed upon such defect during service. VAOPGCPREC 82-90. 

This case presents certain medical questions which cannot be answered by the Board. See Colvin v. Derwinski, 1 Vet. App. 171, 175 (1991) [the Board is prohibited from exercising its own independent judgment to resolve medical questions]. It must be determined if the Veteran's bilateral eye conditions are congenital diseases or defects. See Monroe, supra. Additionally, if the Veteran's eye conditions are found to be congenital defects, it must be determined if it was aggravated by a superimposed injury or disease. 

This must be addressed by an appropriately qualified specialist. See Charles v. Principi, 16 Vet. App. 370 (2002); see also 38 C.F.R. § 3.159(c)(4) (2007) [a medical examination or opinion is necessary if the information and evidence of record does not contain sufficient competent medical evidence to decide the claim]. Therefore, an addendum to the January 2011VA examination addendum report is needed before the Board may make an informed decision concerning this claim. See also McLendon v. Nicholson, 20 Vet. App. 79 (2006), citing 38 U.S.C.A. § 5103A(d) and 38 C.F.R. § 3.159(c)(4).

Accordingly, the case is REMANDED for the following action:

1) The claims file should be returned to the VA examiner(s) who conducted the January 2011 VA examination addendum (or, if unavailable, to another appropriate VA reviewer). 

In an addendum, the reviewer should indicate:

A. Whether the Veteran's bilateral eye disabilities are congenital diseases OR defects. 

B. If the Veteran's eye disabilities are congenital defects, the examiner should indicate whether it was aggravated (increased in severity beyond normal progression) by a superimposed disease or injury during his period of active duty. 

The examiner must provide a comprehensive report including complete rationales for all opinions and conclusions reached, citing the objective medical findings leading to the conclusions.

2) Thereafter, the AMC/RO must review the claims file to ensure that the foregoing requested development has been completed. In particular, review the requested medical opinions to ensure that they are responsive to and in compliance with the directives of this remand and if not, implement corrective procedures. See Stegall v. West, 11 Vet. App. 268 (1998).

3) After completing the above action and any other development as may be indicated by any response received as a consequence of the actions taken in the paragraphs above, the claims should be readjudicated. If the claims remain denied, a supplemental statement of the case should be provided to the Veteran and his representative. After they have had an adequate opportunity to respond, these issues should be returned to the Board for further appellate review. 

The appellant has the right to submit additional evidence and argument on the matter the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West Supp. 2011).



_________________________________________________
J. A. MARKEY 
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2002), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2011).